**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **CATHERINE DAVIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CAUSE NO: 1:16-cv-1881** |
| | ) |
| **FRANCISCAN ALLIANCE,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.  Plaintiff, Catherine Davis ("Davis"), brings this action against Defendant, Franciscan
    Alliance ("Defendant"), alleging that Defendant violated her rights under the Americans
    with Disabilities Act Amendment Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the
    Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

## PARTIES

2.  Davis is a resident of the State of Indiana, who at all times relevant resided in
    Indianapolis, Indiana.

3.  Defendant is a Limited Liability Company doing business in Indianapolis, Indiana.

## JURISDICTION AND VENUE

4.  Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343.

5.  Plaintiff is an "employee" as defined by 42 U.S.C. § 12111(4) and 29 U.S.C. §

1

2611(2)(A).

6.      Defendant is an "employer" as defined by 42 U.S.C. § 12111(5) and 29 U.S.C. §

        2611(4)(A).

7.      Venue is proper in this Court pursuant to 29 U.S.C. § 1391 because all facts, events, and

        transactions giving rise to this lawsuit occurred in Indianapolis, Indiana, which is located

        in the Southern District of Indiana, Indianapolis Division.

8.      Davis satisfied her obligations to exhaust administrative remedies, having timely filed a

        Charge of Discrimination with the Equal Employment Opportunity Commission

        ("EEOC"). Davis received her right-to-sue notice from the EEOC and now timely files

        this lawsuit.


**FACTUAL ALLEGATIONS**

9.      Davis began working for Defendant in November 2012.

10.     At all relevant times, Davis's position was Customer Service Supervisor.

11.     At all relevant times, Davis's work performance met or exceeded Defendant's reasonable

        expectations, and each and every performance evaluation that she received prior to May

        2015 found that her performance met expectations.

12.     Davis is a qualified individual with a disability and/or has a record of disability, and/or is

        perceived by Defendant to have a disability.

13.     Davis was able to perform all of the essential functions of her job with a reasonable

        accommodation.

14.     Davis suffers from bi-polar disorder and major depression, and Davis's son suffered from

2

major depression.

15.    Between November 2012 and April 2015, Davis requested, and Defendant approved, intermittent FMLA leave due to her and her son's ailments.

16.    Between July 14, 2013, and May 15, 2015, Davis's supervisor required Davis to work extra hours following days in which she took FMLA leave–either by working on Saturdays, working late, or working through her lunch–in order to "make up" the hours she missed, while still counting the time on leave against her annual FMLA allotment.

17.    In April 2015, Davis requested FMLA leave and provided documentation from her doctor stating that she could return to work in approximately 8 weeks.

18.    At the time of this request, Davis had FMLA leave lasting until May 15, 2015.

19.    Davis requested FMLA leave until May 15, 2015, and additional leave until June 24, 2015, as a reasonable accommodation for her disability.

20.    Defendant had a medical leave of absence policy that provided up to 12 months of leave.

21.    Defendant initially approved Davis's request for leave.

22.    On May 16, 2015, Defendant terminated Davis one day after the expiration of her FMLA leave and without engaging in the interactive process or attempting to provide Davis with a reasonable accommodation.

23.    Defendant later rejected Davis's request for reinstatement and/or placement in a different position.

24.    Davis's request for additional leave following the expiration of her FMLA leave constituted a protected activity under the ADA.

25.    Prior to her termination in May 2015, Davis's supervisor chastised her for taking time off

pursuant to her approved intermittent FMLA leave.

26.    Any reason given by Defendant for the adverse actions taken against Davis are pretextual.

27.    Defendant discriminated against Davis because of her requests for FMLA leave and/or FMLA approved absences.

28.    Defendant interfered with Davis's attempts to take approved intermittent FMLA leave.

29.    Defendant discriminated against Davis because of her disability, record of disability and/or Defendant's perception of Davis's disability, and/or because of Davis's request for a reasonable accommodation.

30.    Davis has suffered and continues to suffer injuries as a result of Defendant's unlawful actions.

## CAUSES OF ACTION

## COUNT I - DISABILITY DISCRIMINATION

31.    Davis incorporates by reference paragraphs 1-30 of her Complaint as if the same were set forth at length herein.

32.    Davis is a qualified individual with a disability, has a record of disability and/or is perceived by Defendant as having a disability.

33.    Defendant terminated Davis because of her disability, record of disability and/or Defendant's perception of Davis as having a disability.

34.    Defendant has accorded more favorable treatment to similarly situated employees who did not have a disability, record of disability, and/or perception of disability.

35.    Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's

rights as protected by the ADA.

36.     Davis has been harmed as a result of Defendant's unlawful actions.


## COUNT II - FAILURE TO ACCOMMODATE

37.     Davis incorporates by reference paragraphs 1-36 of her Complaint as if the same were set forth at length herein.

38.     Davis requested a reasonable accommodation for her disability in the form of additional leave after the expiration of her FMLA leave.

39.     Defendant unreasonably denied Davis's request for a reasonable accommodation.

40.     Defendant failed to engage in the interactive process.

41.     Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the ADA.

42.     Davis has been harmed as a result of Defendant's unlawful actions.


## COUNT III - DISABILITY RETALIATION

43.     Davis incorporates by reference paragraphs 1-42 of her Complaint as if the same were set forth at length herein.

44.     Davis engaged in protected activity when she requested a reasonable accommodation.

45.     Defendant subjected Davis to retaliation for requesting a reasonable accommodation, including, but not limited to, disciplining and terminating Davis.

46.     Defendant's actions were intentional, willful, and in reckless disregard of Davis's rights as protected by the ADA.

47.     Davis has been harmed as a result of Defendant's unlawful actions.

**COUNT IV - FMLA INTERFERENCE**

48.     Davis incorporates by reference paragraphs 1-47 of her Complaint as if the same were set forth at length herein.

49.     Defendant interfered with Davis's ability to take FMLA leave by requiring Davis to make up hours that she missed on intermittent FMLA leave while still subtracting such hours from her annual FMLA leave allotment.

50.     Defendant's actions were intentional, willful, and in reckless disregard of Davis's rights as protected by the FMLA.

51.     Davis has been harmed as a result of Defendant's unlawful actions.

**COUNT V - FMLA RETALIATION**

52.     Davis incorporates by reference paragraphs 1-51 of her Complaint as if the same were set forth at length herein.

53.     Defendant subjected Davis to retaliation for taking FMLA leave, including but not limited to disciplining and terminating Davis.

54.     Defendant's actions were intentional, willful, and in reckless disregard of Davis's rights as protected by the FMLA.

55.     Davis has been harmed as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Catherine Davis, by counsel, respectfully requests that the

Court find for her and order that Defendant:

a.    Reinstate Davis to the same position, salary, and seniority, or in the alternative

pay Davis front pay and benefits in lieu of reinstatement;

b.    Pay lost wages and benefits to Davis;

c.    Pay compensatory and punitive damages to Davis;

d.    Pay liquidated damages to Davis;

e.    Pay pre- and post-judgment interest to Davis;

f.    Pay Davis's reasonable attorneys' fees and costs incurred in pursuing this matter;

and

g.    Provide to Davis any and all other legal and/or equitable relief that this Court

determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Natalie R. Dickey*
Natalie R. Dickey, Attorney No. 25294-41B

*s/ Samuel M. Adams*
Samuel M. Adams, Attorney No. 24387-49

## DEMAND FOR JURY TRIAL

Plaintiff, Catherine Davis, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

Attorneys for Plaintiff
Catherine Davis

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:       (317)955-9500
Facsimile:       (317)955-2570
Email:           jhaskin@jhaskinlaw.com
                 ndickey@jhaskinlaw.com
                 sadams@jhaskinlaw.com

8